**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

-vs-                                                          Case 1:20-cr-32

MATTHEW LEE OSTRANDER

---

**MOTION TO DISMISS**
**COUNT I OF THE INDICTMENT**

Defendant, MATTHEW LEE OSTRANDER, through undersigned counsel, pursuant to Fed. R. Crim. P. 12 (b)(3)(A)(v),[1] moves to dismiss Count I of the Indictment, alleging that there was an error in the grand-jury proceeding in this cause that denied him the protections of the Fifth Amendment.[2]

Filed December 21, 2021, Count I of the Superseding Indictment (Doc. 31) charges that on September 2, 2020, Defendant "did knowingly possess a visual depiction of any kind, including a drawing and cartoon, that depicts a minor

---

[1] "The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:
        (A) a defect in instituting the prosecution, including:
                (v) an error in the grand-jury proceeding or preliminary hearing."
*Id.*

[2] "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," U.S. Const. amend. V, cl. 1, "nor be deprived of life, liberty, or property, without due process of law…." U.S. Const. amend. 5. Cl. 4.

engaging in sexually explicit conduct, and is obscene, and was shipped and transported in interstate or foreign commerce by any means," *Id.*, in violation of 18 U.S.C. § 1466A(b)(1).

The government claims there are some 480 drawings or computer-generated images depicting child exploitation on a USB storage device filed within six discrete folders as well as a few offending images on the cell phone and laptop.

Pursuant to Defendant's demand for discovery, on January 10, 2022, Assistant U.S. Attorney Frank Williams showed undersigned ten marked exhibits that he said he showed the grand jury to secure the indictment in this cause. He also allowed counsel to examine another 31 images. Undersigned counsel observed that many of the images contain captioned dialogue, each of which appears to be part of a series that relates a story. Indeed, according to a government agent: "Some of the images were contained within a story line depicting a sexual relationship between an adolescent and a grown male who was involved with the child's mother." Moreover, it appears that at least one series of images comprises what could be called a graphic novel; other series also appear to comprise serialized stories.

At the hearing March 7, 2022, on Defendant's Motion to Compel Discovery, the ten exhibits shown to counsel were admitted into evidence and counsel for the

government again confirmed that those images were the exhibits on which the Grand Jury issued an indictment.

On March 24, 2022, undersigned counsel and his forensic computer expert examined forensic images of the electronics seized from Defendant. Based on a brief opportunity to examine images, undersigned counsel confirmed that more than one folder contained serialized stories.

Based on representations by counsel for the government, undersigned's observations as well as that of the government's agent, Defendant contends that the Indictment was obtained without inviting the grand jury to view the entirety of each graphic novel or serialized story, but merely consider the ten images shown to counsel and the Court. The grand jury, therefore, was not provided sufficient evidence from which to determine whether the drawings are obscene. More troubling, though, is that the grand jury could not have been properly instructed regarding the law governing the determination of what is obscene.

Therefore, Defendant contends that the Indictment must be dismissed because the grand jury was improperly instructed regarding the pertinent law and was provided insufficient evidence to make its determination.

## MEMORANDUM

Because the multiple series of images at issue are not a record of the sexual abuse of actual children, they are not child pornography, *Ashcroft v. Free Speech*

*Coal.*, 535 U.S. 234, 248-51 (2002), and are protected by the First Amendment's guarantee of freedom of expression,[3] unless they are determined to be obscene applying the test enunciated in *Miller v. California*, 413 U.S. 15, 23 (1973).[4]

The statute at issue, 18 U.S.C. § 1466A(b)(1), states in pertinent part:

> Any person who, in a circumstance described in subsection (d), knowingly possesses a visual depiction of any kind, including a drawing [or] cartoon, that —
>     (A) depicts a minor engaging in sexually explicit conduct; and
>     (B) is obscene;
> or attempts or conspires to do so, shall be subject to the penalties provided in section 2252A(b)(2), including the penalties provided for cases involving a prior conviction.

18 U.S.C. § 1466A(b)(1) "It is not a required element of any offense under this section that the minor depicted actually exist." 18 U.S.C.A. § 1466A(c). The circumstances described in subsection (d) relate to interstate commerce definitions, which while not conceded, are not challenged for purposes of this motion.

This motion addresses only the definition and elements of obscenity that must be found by the grand jury. It does not address the Commerce Clause

---

[3] "Congress shall make no law…abridging the freedom of speech." U.S. Const. amend. I.

[4] In *Miller v. California*, 413 U.S. 15, 23 (1973), the Supreme Court established that "the basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. *Miller*, 413 U.S. at 24.

jurisdiction, although Defendant does not waive that challenge, which may be

raised in a subsequent motion.

Although the Eleventh Circuit has not published a standard jury instruction

for an 18 U.S.C. § 1466A(b)(1), there is one published in The Pattern Criminal

Jury Instructions of The Seventh Circuit (2020 Ed.):

**18 U.S.C. § 1466A(b)(1) POSSESSION OF
OBSCENE VISUAL REPRESENTATIONS OF
SEXUAL ABUSE OF CHILDREN—ELEMENTS**

[The indictment charges the defendant[s] with; Count[s] — of the
indictment charge[s] the defendant[s] with] possession of an obscene visual
depiction. In order for you to find [the; a] defendant guilty of this charge, the
government must prove each of the [four] following elements beyond a
reasonable doubt:

1. The defendant knowingly possessed a visual depiction; and
2. The visual depiction is of a minor engaging in sexually explicit conduct;
and
3. The visual depiction is obscene; and
4. [Jurisdictional elements]

If you find from your consideration of all the evidence that the
government has proved each of these elements beyond a reasonable doubt
[as to the charge you are considering], then you should find the defendant
guilty [of that charge].
If, on the other hand, you find from your consideration of all the
evidence that the government has failed to prove any one of these elements
beyond a reasonable doubt [as to the charge you are considering], then you
should find the defendant not guilty [of that charge].

(Jurisdictional elements truncated) That instruction, however, is incomplete and,

standing alone, deficient because it does not inform the jury of the elements of

obscenity required to be found by the *Miller* test. The Eleventh Circuit's pattern

jury instruction O55 for mailing obscene material, 18 U.S.C. § 18 U.S.C. § 1461,

supplies most of the missing definitions and elements required to find material

obscene and states in pertinent part:

> Freedom of expression is a constitutional right that is fundamental to our system, and we all enjoy it. It has contributed much to the development and well-being of our free society. In exercising this right, sex may be portrayed and the subject of sex may be discussed freely and publicly. Material may not be condemned merely because it contains passages or sequences that describe or depict sexual activity. But the constitutional right to free expression doesn't extend to legally "obscene" material.
>
> To prove beyond a reasonable doubt that material is "obscene," the Government must prove three things:
>
> > (1) that the material predominantly appeals to prurient interest;
> >
> > (2) that it depicts or describes sexual conduct in a patently offensive way; and
> >
> > (3) that it lacks serious literary, artistic, political, or scientific value.
>
> First, you must view the material as a whole, keeping in mind the intended and probable audience, and decide whether the material's predominant theme or purpose is an appeal to the prurient interest of an average person of the community as a whole [or the prurient interest of members of a deviant sexual group, as the case may be].
>
> An appeal to "prurient" interest is an appeal to a morbid, degrading, and unhealthy interest in sex, not just an ordinary interest.
>
> Viewing the material as a whole for the "predominant theme or purpose of the material" means looking for the main or principal focus of the whole work based on its total effect, not on the focus of incidental themes or isolated passages or sequences.
>
> To decide whether the material appeals to a morbid, degrading, or unhealthy interest in sex of the "average person of the community as a whole," you must consider the contemporary community standards that would be applied by an average person with an ordinary attitude toward and interest in sex.

Contemporary community standards are set by the community as a whole; in other words, what society at large or people in general currently find acceptable or unacceptable.

So obscenity is not a matter of individual or personal taste or how the material strikes an individual juror – whether something is obscene or not depends on what the average person of the community as a whole would think of it.

[In addition to considering the viewpoint of a normal person, you can determine whether the material has prurient appeal by considering the sexual interest of a clearly defined deviant group, such as sadomasochists. You must find beyond a reasonable doubt that the material appeals to the prurient interest of such a group.]

Second, you must decide whether the material depicts or describes, in a patently offensive way, sexual conduct such as ultimate sexual acts or masturbation, excretory functions, or lewd exhibition of the genitals. But you must not judge the material by your own standards. You must judge the material by contemporary community standards and decide whether the material is more than the generally accepted limits of public tolerance and is clearly offensive.

I emphasize that whether material appeals to a prurient interest or whether it is patently offensive must be judged by contemporary community standards, not by how the material affects you personally. You must consider the material in the same way that an average person in the community, with a normal attitude toward and interest in sex would consider it.

Contemporary community standards are those accepted by the community as a whole; in other words, what society at large or people in general will accept. It does not include what some groups in the community believe the community should accept or refuse to accept.

Third, you must decide whether the material lacks serious literary, artistic, political or scientific value. An item may portray explicit sexual conduct and still have serious value in one or more of these areas. You must decide whether the material in this case has such value. The ideas represented in a work do not need majority approval to be worthy of protection. So for this decision, you should <u>not</u> use contemporary community standards. Instead, you must objectively decide whether a reasonable person considering the material as a whole would find it has or does not have serious literary, artistic, political, or scientific value.

The Government must prove all three things before you can decide the material is obscene. If any one of those things is not proved, then the material is not obscene within the meaning of the law.

> To use the mail is to act so that something will normally be sent through the mail in the normal course of business or reasonably foresee that the mail will be used.

Eleventh Circuit Pattern Jury Instructions in Criminal Cases O55 (Aug. 2021).The shorthand standard for obscenity often is recited as "the Government must prove that the work, taken as a whole, appeals to the prurient interest, is patently offensive in light of community standards, and lacks serious literary, artistic, political, or scientific value." *Free Speech Coal.*, 535 U.S. at 246, *citing Miller*, 413 U.S. at 24. *Miller*, however, is more specific regarding when the work must be considered as a whole: "(a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest"; "and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." *Miller*, 413 U.S. at 24.

The Fifth Amendment right to indictment by a grand jury "has been regarded as a primary security to the innocent against hasty, malicious and oppressive persecution; it serves the invaluable function in our society of standing between the accuser and the accused, whether the latter be an individual, minority group, or other, to determine whether a charge is founded upon reason or was dictated by an intimidating power or by malice and personal ill will." *Wood v. Georgia*, 370 U.S. 375, 390 (1962); *see also United States v. Mechanik*, 475 U.S. 66, 74 (1986). Prosecutors are accorded wide latitude in presenting their cases to

the grand jury, "but they are bound by a few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions." *Mechanik*, 475 U.S. 66, 74 (1986). "In the exercise of its supervisory authority, a federal court 'may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress,' but "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988) (Citations omitted). Thus, "prosecutorial misconduct in grand jury proceedings is inconsistent with the administration of justice in the federal courts and should be redressed in appropriate cases by the dismissal of indictments obtained by improper methods." *United States v. Williams*, 504 U.S. 36, 69 (1992) (O'Connor, J., dissenting). Improperly instructing a grand jury is prosecutorial misconduct because "[i]t blinks reality to say that the grand jury can adequately perform this important historic role if it is intentionally misled by the prosecutor—on whose knowledge of the law and facts of the underlying criminal investigation the jurors will, of necessity, rely." *Williams*, 504 U.S. at 68 (O'Connor, J., dissent).

There should be no question as to whether Defendant was prejudiced by the failure of counsel of the government to provide adequate and accurate instruction on the law and failure of the grand jury to view the works as a whole to determine

whether they were obscene. The word "obscene" is a legal term of art defined by the Supreme Court as expression that enjoys no protection under the First Amendment, but only if it meets that definition. Moreover, Defendant was denied his Fifth Amendment rights to a properly instructed grand jury and a due process right to have the charge properly defined according to law.

In order to determine this motion, counsel requests that the Court direct the government to disclose the record of the Grand Jury proceedings that resulted in issuance of the Indictment in this cause.

> The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury

Fed. R. Crim. P. 6(e)(3)(E)(ii).

WHEREFORE, Defendant prays (1) disclosure of the record of Grand Jury proceedings, (2) an evidentiary hearing to determine the facts, and (3) an Order dismissing Count I of the Indictment.

## CERTIFICTE OF COMPLIANCE

**Local Rule 7.1(F)**: Undersigned counsel certifies that this motion and memorandum contains 2,699 words, excluding the case style, signature block, and certificate or service. Moreover, it does not exceed the 8,000-word limit.

**CERTIFICATE OF SERVICE**

I CERTIFY that a true copy of the foregoing, concomitant to filing, is

electronically furnished to Frank Williams, Assistant U.S. Attorney.

Respectfully submitted:

April 14, 2022

/s/ *Daniel F. Daly*

DANIEL F. DALY, ESQ.
Florida Bar 660752
Gainesville, Florida 32635-7100
(352) 505-0445
danfrandaly@gmail.com
Counsel for Matthew Ostrander